GALLAHER *v.* SHOCKEY.

Opinion delivered February 24, 1930.

*W. H. Dunblazier* and *George W. Dodd*, for appellant.

*Cravens & Cravens*, for appellee.

BUTLER, J. The question presented in this case is unique, *i. e.*, Does the natural mother of a child adopted by another, which child died before the execution of a will by the adopted parent, inherit the estate of the deceased adopted parent which the child would have inherited had she been living at the time of the execution of the will and the death of the testator, where no mention of such child is made in the will?

The facts are as follows: Mrs. F. M. Shaw, in October, 1906, adopted a little girl, Minnie Masina Early. In April, 1910, the child died, and in January, 1916, Mrs. Shaw made her will devising and bequeathing her estate, both real and personal, to the appellee, Sallie Shockey, no mention being made in the will of her adopted child or of the mother or sister of said child. Annie Specht Early was the mother of Minnie Masina Early, and Lena Gallaher was the daughter of Annie Specht Early, and the sister of Minnie Masina. In October, 1927, Mrs. Shaw died, without ever having had any children born to her. After the death of Mrs. Shaw, Annie Specht Early conveyed to Lena Gallaher all her right, title and interest in and to the estate of Mrs. F. M. Shaw, deceased, "which was inherited from said Minnie Masina," and Lena Gallaher thereupon filed her petition in the Sebastian Probate Court of the Fort Smith District, alleging the above mentioned facts, and that she was entitled to receive the

distributive share of the estate which would have descended to Minnie Masina Shaw, if she was still surviving, "which interest is one-half of the estate left by the said F. M. Shaw, after payment of her funeral expenses and just debts." From an order denying the prayer of the petition by the probate court and from a like order on appeal to the circuit court, this appeal is prosecuted.

The appellant, petitioner, for reversal of the judgment denying the prayer of the petition, relies on § 10507 of Crawford & Moses' Digest, which is as follows: "When any person shall make his last will and testament, and omit to mention the name of a child, if living, or the legal representatives of such child born and living at the time of the execution of such will, every such person, so far as regards such child, shall be deemed to have died intestate, and such child shall be entitled to such proportion, share and dividend of the estate, real and personal, of the testator as if he had died intestate." The appellant cites the case of *Branton* v. *Branton,* 23 Ark. 576, as persuasive of the construction placed by her on the statute, *supra.* This was a carefully considered case, in which the history of our statute and the decisions on similar statutes were reviewed, but we find no rule announced in the main case, or in any of the cases cited therein, which would sustain the construction urged upon us by the appellant. In the Branton case, while the interpretation of the statute here insisted upon by the appellant was not presented to the court, the plain inference is, from the language of the opinion, that no such interpretation would have been adopted, the court saying: "We see no principle in the statute but what is apparent upon its face, that it intended to provide for children and descendants that are not named in the will. The statute does not prohibit a man from disposing of his property according to his own will. He may give his several children more or less than his wife, may give them much or little, or none of his estate; but the law will treat him as a father and a man in making a compulsory provision

134

for his children, as in intestacy, unless he shall express a contrary intention towards every child and its children, by naming it, or them, in the will."

To extend the word "representative" as used in the statute beyond the descendants of children living at the time of the execution of the will, in our opinion, would be against its obvious meaning, when the qualifying words immediately following are given their ordinary interpretations. When the statute used the expression, "or the legal representatives of such child *born and living* at the time of the execution of such will," it unquestionably had reference to the issue born of such children. The purpose of the statute was to protect children and their descendants not mentioned in the will on the theory that such children were overlooked and their names accidentally omitted, and such statute could have no application, nor was it intended to have any application, to collateral heirs.

The judgment of the trial court denying the prayer of the petition of appellant is therefore affirmed.